NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

GILBERT SAFWAN MADRIGAL,
*Appellant*.

No. 1 CA-CR 21-0361
FILED 7-21-2022

Appeal from the Superior Court in Maricopa County
No. CR2020-113363-001
The Honorable Monica S. Garfinkel, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Rebecca Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Brian Y. Furuya and Judge Jennifer M. Perkins joined.

_____

**W E I N Z W E I G**, Judge:

¶1        Gilbert Safwan Madrigal appeals his convictions and sentences for kidnapping and sexual abuse.  We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        The victim was delivering packages for Amazon at an apartment complex when she encountered Madrigal.  Madrigal first shouted catcalls at the victim from afar, but he approached the victim when she ignored his advances.  Madrigal blocked the victim's path and then pinned her to the wall, touching her "everywhere" and telling her "you know you want it."

¶3        After a minute or two, the victim broke free, ran to her car and drove away.  The victim soon noticed a police officer, however, and stopped to ask for help.  Still crying and shaking, the victim told the officer what happened and described the assailant.  The officer asked for backup and launched a search for the suspect inside the apartment complex.  The officer first approached a man in the parking lot who did not fit the victim's description and asked if he had heard anything.  The man said no, and the officer resumed his search.  A female resident then told the officer he was probably looking for Madrigal who lived in apartment 202.  Madrigal was arrested and charged with kidnapping and sexual abuse.

¶4        A three-day jury trial was conducted.  At one point, Madrigal asked the court to instruct the jury that they may draw an inference unfavorable to the State because the first responding police officer never recorded the name or contact information of the man in the parking lot.  *See State v. Willits*, 96 Ariz. 184 (1964).  The court refused because Madrigal had not shown the "evidence" had "a tendency to exonerate [him], [or] be helpful to the defense."

¶5        The jury then found Madrigal guilty as charged.  Because Madrigal was on probation and had four prior felony convictions, he was sentenced to concurrent prison terms of 18 years for the kidnapping

conviction and six years for the sexual abuse conviction. Madrigal timely appealed. We have jurisdiction. *See* Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

**¶6**        This court reviews the trial court's denial of a *Willits* jury instruction for an abuse of discretion. *See State v. Hernandez*, 250 Ariz. 28, 31, ¶ 9 (2020). To secure a *Willits* instruction, the defendant must show "(1) the state failed to preserve obviously material and reasonably accessible evidence that could have had a tendency to exonerate the accused; and (2) there was resulting prejudice." *Id.* ¶ 10. But the first prong requires more than mere speculation "about how the evidence might have been helpful," and there must be "a real likelihood that the evidence would have had evidentiary value." *Id.* (citation omitted).

**¶7**        We are not persuaded for three reasons. First, Madrigal does not contend the State destroyed or lost evidence here; just that the first police officer on the scene neglected to gather contact information from the man in the parking lot and instead continued his search. *See State v. Walters*, 155 Ariz. 548, 551 (App. 1987) (concluding "there was no suppression or destruction of evidence" where police failed to preserve the identity of inmates who witnessed a jailhouse assault).

**¶8**        Second, the contact information was not "obviously material" as the police officer continued searching for the suspect. The state need only "act in a timely manner to ensure the preservation of evidence it is aware of where that evidence is obviously material and reasonably within its grasp." *Hernandez*, 250 Ariz. at 32, ¶ 11 (citation omitted). Here, the state did not rely on statements from the man in the parking lot to make its case, and the police officer did not know "the defendant would use the evidence for his or her defense." *Id.* at ¶ 12. The man in the parking lot neither contradicted the victim's account or "change[d] the course" of the investigation.

**¶9**        Third, the contact information of the man in the parking lot did not have "a tendency to exonerate the accused." *See id.* at 31, ¶ 10. Again, the man did not contradict the victim's account. We require more than mere speculation for a *Willits* instruction. *See id.*

**CONCLUSION**

¶10     We affirm Madrigal's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:     AA